**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOANNE COUVRETTE,

Plaintiff,

vs.

EDWARD COUVRETTE; E.F. COUVRETTE COMPANY, INC.; VALERIE GOAD; E.F. COUVRETTE COMPANY, INC. 401(K) RETIREMENT PLAN; PRINCIPAL FINANCIAL GROUP; and DOES 1-10,

Defendants.

CASE NO. 12cv2771-WQH-JMA

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion to Dismiss or to Transfer Venue to Western District of Virginia filed by Defendants Edward F. Couvrette, E.F. Couvrette Company, Inc. ("EFCC"), EFCC 401(k) Retirement Plan, and Valerie Goad. (ECF No. 19).

**BACKGROUND**

On November 16, 2012, Plaintiff Joanne Couvrette initiated this action with a Complaint against Defendants Edward F. Couvrette, EFCC, EFCC 401(k) Retirement Plan, Valerie Goad, Principal Financial Group, and Does 1-10. (ECF No. 1). Plaintiff alleges that Defendants failed to follow proper procedures and make payments to Plaintiff pursuant to a San Diego Superior Court Qualified Domestic Relations Order issued against Defendant Edward Couvrette, the sole owner and shareholder of EFCC.

Plaintiff alleges that the Qualified Domestic Relations Order mandates payments of delinquent spousal support to Plaintiff from the EFCC 401(k) Retirement Plan. Plaintiff alleges three claims for breach of fiduciary duties and recovery of benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1001, *et seq*.), and one claim for negligence.

On January 23, 2013, Defendants Edward F. Couvrette, EFCC, EFCC 401(k) Retirement Plan, and Valerie Goad ("Defendants") filed the Motion to Dismiss or to Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (ECF No. 19).[1] On February 15, 2013, Plaintiff filed an opposition. (ECF No. 22).

**VENUE**

Defendants move to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) on the grounds that "the claims were not initiated in accordance with ERISA Section 1132(e)(2)." (ECF No. 19-1 at 2).

When venue in a particular district is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff brings her claims under ERISA, 29 U.S.C. § 1001, *et seq*. Pursuant to the ERISA venue provision, an action may be filed "in the district where the plan is administered, where the breach took place, or where a Defendant resides or may be found." 29 U.S.C. § 1132(e)(2). A Defendant is "found" in any district where personal jurisdiction can be properly asserted. *Varsic v. U.S. Dist. Court for Centr. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir. 1979).

In considering personal jurisdiction in the context of an ERISA action, the Court of Appeals for the Ninth Circuit has held that, where a defendant's activities in the forum are unrelated to the cause of action, the defendant is "found" within a forum under section 1132(e)(2) if defendant's activities within the forum are "substantial" or

[1] On January 7, 2013, Defendant Principal Financial Group filed an answer to the Complaint. (ECF No. 16). On February 15, 2013, Defendant Principal Financial Group filed a Notice of Non-Opposition to the Motion to Dismiss or to Transfer Venue. (ECF No. 21).

"continuous and systematic." *Varsic*, 607 F.2d at 249 (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)). Factors to consider in this analysis include "whether the defendant makes sales, solicits or engages in business within the state, serves the state's markets, designates an agent for service of process, holds a licence, or is incorporated there." *Bancroft & Masters, Inc., v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). In analyzing ERISA's legislative history, the Ninth Circuit found that Congress "clearly struck the balance in favor of liberal venue." *Varsic*, 607 F.2d at 248.

Defendants contend that venue is improper under 29 U.S.C. § 1132(e)(2) on the following grounds:

> The plan in question is administered in Salem, Virginia. Any alleged breach took place there and that is where the defendant plan administrator and employees of the corporate defendant reside. This Court's personal jurisdiction over Defendant Edward Couvrette and Valerie Goad is tenuous because they are not present in this State, ... committed no act complained of in this State, and committed no acts outside of the State of Virginia by agent or otherwise, allegedly causing harm within this State, or by engaging in activities in this State which would otherwise confer jurisdiction.

(ECF No. 19-1 at 4).

Plaintiff contends that venue is proper under 29 U.S.C. § 1132(e)(2) on the grounds that Defendant EFCC "resides" and "may be found" in the Southern District of California. Plaintiff asserts that EFCC is a California corporation and maintains a branch office in Santee, California. Plaintiff also contends that venue is proper on the grounds that Defendants breached their fiduciary duties pursuant to the Qualified Domestic Relations Order issued in the Southern District of California.

Defendants submit the declaration of their counsel, Harry W. Brown, who states that Defendant EFCC maintains a branch office in Santee, California, within the Southern District of California. Brown states that the Defendant EFCC 401(k) Retirement Plan "covers and includes certain employees who work at the branch office in Santee, California." (ECF No. 19-3 at 3).

The Court finds that the evidence of an EFCC branch office in Santee, California

is sufficient to establish that Defendants EFCC and EFCC 401(k) Retirement Plan engage in "substantial" and "continuous and systematic" business activities within the Southern District of California. *Varsic*, 607 F.2d at 249. Accordingly, the Court concludes that Defendants EFCC and EFCC 401(k) Retirement Plan "may be found" in the Southern District of California pursuant to 29 U.S.C. § 1132(e)(2). *See Varsic*, 607 F.2d at 248-49 (a defendant is "found" under section 1132(e)(2) in any district where personal jurisdiction can be properly asserted, i.e. where defendant's activities are "substantial" or "continuous and systematic"). The motion to dismiss for improper venue is denied. *See* 29 U.S.C. § 1132(e)(2).

**TRANSFER**

Defendants also move for transfer of this action to the Western District of Virginia pursuant to 28 U.S.C. § 1404(a). (ECF No. 19-1 at 5).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). The statute requires a court to consider the convenience of the parties and witnesses and the interests of justice. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

To undertake this analysis of "convenience" and the "interests of justice," a district court weighs "multiple factors," including the plaintiff's choice of forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the convenience of witnesses, the ease of access to sources of proof, the State that is most familiar with the governing law, the differences in the costs of litigation in the two forums, and the relevant public policy. *Id.* at 498-99. The party moving for a transfer pursuant to § 1404(a) bears the burden of showing that another forum is more convenient and serves

the interest of justice. *See id.* at 499. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "Rather than relying on vague generalizations of inconvenience, the moving party must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).

Defendants contend that this action could have been brought in the Western District of Virginia. Defendants contend that transfer to the Western District of Virginia would promote the interests of justice because "Plaintiff's forum has no particular interest in the subject matter of the litigation as there is no localized controversy and no issue or contacts unique to California are alleged or exist." (ECF No. 19-1 at 7). Defendants contend that transfer would promote the convenience of the parties and witnesses because "all of the likely witnesses reside in Roanoke, Virginia or do business there," "the cost [of] litigation in California is expected to be significant," and the parties could "invoke the trial court's subpoena power to command the presen[ce] of key fact-based witnesses." *Id.* at 8.

Plaintiff contends that her choice of venue "is entitled to substantial deference because Plaintiff's claims are made under ERISA and Plaintiff resides in the Southern District of California." (ECF No. 22 at 11). Plaintiff contends that "the convenience of Defendants' witnesses is entitled to little weight because the witnesses are employees of the party seeking transfer, and EFCC will be able to compel their testimony at trial." *Id.* Plaintiff asserts that Defendants fail to specifically identify any third party witnesses or testimony that would be adversely affected by a California venue. *Id.* at 12. Plaintiff contends that California has a "significant interest in protecting Plaintiff's rights" because "Plaintiff is a resident of California, the amount due to Plaintiff stems from a Superior Court of California order, EFCC maintains an office in Santee,

California, and the Plan itself covers employees who work out of the Santee office." *Id.* at 13-14.

Brown identifies in his declaration Defendants and Defendant EFCC's employees as the "essential" and "likely" witnesses in this case, and states that the Western District of Virginia would be a more convenient venue for these witnesses. Brown states that "compelling [the witnesses'] attendance at deposition or at trial" is possible only in the Western District of Virginia. (ECF No. 19-3 at 3). Brown states that, due to the distance between Defendants' witnesses and the Southern District of California, "live testimony of these witnesses may not be obtainable unless this action is transferred ...; even if it were obtainable in this district, the cost and expense associated with producing all the witnesses at trial within this district is prohibitive and unnecessarily expensive in comparison to the cost associated with producing the witnesses and related documents in the Western District of Virginia." *Id.* at 4. Brown states that "Joanne Couvrette is already engaged in litigation in Virginia. She is a party litigant and has an interest in a case currently pending and ongoing in New Castle, Virginia." *Id.* at 5.

Plaintiff submits a November 4, 2011 Qualified Domestic Relations Order issued by a San Diego Superior Court judge, which found that Defendant Edward Couvrette owed $229,548.38 to Plaintiff for delinquent spousal support and accrued interest. *See* ECF No. 22-1. In her declaration in opposition to the motion to transfer venue, Plaintiff states that she "brought this case to seek enforcement of the Qualified Domestic Relations Order[, which] assigns to [Plaintiff] retirement benefits in the E.F. Couvrette Company, Inc. 401(k) Retirement Plan ... based on delinquent support...." (ECF No. 22-2 at 2). Plaintiff states that, "[a]t this point in the litigation, the only witnesses that I anticipate will be deposed are Edward Couvrette, Valerie Goad, and the person most knowledgeable at Principal Life Insurance Company." *Id.* Plaintiff states that she "do[es] not regularly travel to Virginia for the Juvenile and Domestic Relations District Court Case" in which she is involved, and has not traveled to Virginia in the past 13 years. *Id.* Plaintiff states that "Mr. [Edward] Couvrette, on the other hand, regularly

travels to California for business and personal reasons," such as visiting with his family and his girlfriend's family. *Id.*

Plaintiff's choice of forum is entitled to deference. *See Decker Coal Co.*, 805 F.2d at 843. Plaintiff resides in the Southern District of California and the Qualified Domestic Relations Order underlying this action was issued in the Southern District of California. California has an interest in providing a forum for its injured citizens to obtain meaningful redress, particularly when, as here, the injury is alleged to have been caused by Defendant's noncompliance with a California state court order. Defendants have made no showing that any relevant public policy favors transfer or that Virginia is more familiar than California with the governing law. The Court finds that the motion to transfer "rel[ies] on vague generalizations of inconvenience" to Virginia-based witnesses and fails to "demonstrate ... what [those witnesses'] testimony will generally include." *Cochran*, 58 F. Supp. 2d at 1119 (citing *Commodity Futures Trading Comm'n*, 611 F.2d at 279). Any difficulty Defendants may face in compelling their own employees to testify in California is not a factor that weighs heavily in favor of transfer. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ("[D]efendant's claim that defense witnesses could not be expected to appear at trial must be discounted since at least four of the six witnesses are defendant's employees whom defendant can compel to testify.") (citing *Galonis v. Nat'l Broad. Co.*, 498 F. Supp. 789, 793 (D. N.H. 1980) (explaining that inconvenience to a party's witnesses should be discounted when those witnesses are employees who can be compelled to testify)). The Court does not find that Defendants have made "a strong showing of inconvenience" pursuant to the relevant § 1404 factors "to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843. The motion to transfer pursuant to § 1404(a) is denied.

//

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss or to Transfer Venue to

Western District of Virginia (ECF No. 19) is DENIED.

DATED: June 13, 2013

**WILLIAM Q. HAYES**
United States District Judge